**Ada ROGERS' EXECUTORS (Horace Thompson and Tommy Lane), Appellants,**

**v.**

**Jim CHERRY et al., Appellees.**

Court of Appeals of Kentucky.

June 17, 1955.

As Modified Nov. 18, 1955.

Moore & Pittman, Montgomery & Montgomery, Liberty, Hazelrigg & Cox, Frankfort, for appellants.

Robert M. Spragens, Lebanon, for appellees.

MILLIKEN, Judge.

The principal question on this appeal is whether the remaining testamentary appraiser may act when his colleague refuses to act.

Ada Rogers died testate on December 11, 1953, possessed of certain real property in Casey County, Kentucky, among which was her "home place." By the provisions of her will she provided for the sale and conversion into cash of her entire estate, with the exception of the "home place," and to effect liquidation she granted unto her executors the power of sale over her real property. The disposition of the "home place" is governed by numbered paragraph 2 of testatrix' will, which, because of its importance, is here set forth at length:

"(2) If I own My home place at the time of my death it is my desire that same be sold to my nephew, Jim Cherry

provided he wants the place. If he wants the place, then I direct Lucian Rogers and Frank Calhoun to place a reasonable value on same, then if my said Nephew wants same of the price fixed. I direct my executors hereinafter named to convey same to him in fee simple. If my said nephew does not want the home place at the price fixed, then I direct that same be sold along all of my other property."

At the time of the institution of this action by the executors, the two named appraisers had failed to set a value on the "home place" and one of them, Frank Calhoun, had tendered his resignation under the will. The executors sought the advice of the court as to whether, under such circumstances, Jim Cherry had any right to purchase the property and whether they, as executors, had any right to sell it and, if so, upon and under what terms and conditions.

The appellee, Jim Cherry, filed an answer in which he concluded and asserted that it was the duty and right of the remaining appraiser to fix a reasonable price at which he had the option to purchase the property or, in the event the court decided that the remaining appraiser could not act individually, that it was the duty of the court to fix such price at which he had the option to purchase. The appellants, in reply thereto, alleged that the answer failed to state a defense to the complaint. The court thereafter by order held that the remaining appraiser had the right to fix a reasonable value on the property. Lucian Rogers, the remaining appraiser, then filed his report with the court fixing as the reasonable value of the property the sum of $10,000.

The executors and the residuary legatees, other than Jim Cherry, filed with the court their exceptions to the report. They alleged that the appraised value was grossly inadequate, that the remaining testamentary appraiser had no authority to act individually, that said remaining appraiser was incompetent and disqualified to act by reason of his blood relationship, his indebtedness to and his residence with the said Jim Cher-

ry, that the said Jim Cherry had procured the appraisal through fraud and undue influence practiced and exerted upon the said Lucian Rogers, and prayed that the report be set aside and that the court entertain proof upon and adjudge what was the reasonable value of the property.

Upon the filing of exceptions, the court set the action for trial. No reply was made to the exceptions. Thereafter, and upon motion of appellants for judgment on the pleadings, the court entered judgment wherein it adjudged as follows:

"1. That the defendant, Jim Cherry, has the right under the will of Ada Rogers deceased, to purchase her home place at a reasonable value to be fixed by Lucian Rogers the remaining appraiser named in the will of Ada Rogers, deceased.

"2. That the plaintiffs have the right under said will to sell said property of Ada Rogers, deceased, to the defendant, Jim Cherry, at the reasonable value fixed by appraisement aforesaid so long as said appraisement is not set aside by proper order of a court of competent jurisdiction."

It seems to us that the testatrix clearly gave Jim Cherry a preferred status in her will and appointed two testamentary appraisers who, she thought, would help effect her purpose. We do not believe we would be giving effect to the intention of the testatrix if we were to deny the right of the remaining appraiser to act. To allow the remaining specified appraiser to act in such circumstances more nearly approaches the wishes the testatrix expressed in the will than to require the appointment by the probate court of one or more other appraisers, or to allow the preference given Jim Cherry to fail because one specified testamentary appraiser refused to act.

We have been unable to find any statute or decided case determinative of this question and, of course, counsel also were hard put. Perhaps the best analogy we have found, and one which we believe indicates

the policy of this state, is expressed in KRS 395.060, where it is declared: "When the powers of one personal representative cease, the remaining personal representatives may carry the trust into execution. \* \* \*" Testamentary appraisers have a trust to perform, and it is our conclusion if one of them refuses the responsibility, the remaining one may carry the trust into execution if there is nothing in the will to indicate or require another course of action.

The judgment is affirmed.

MONTGOMERY, J., not sitting.